**BRIAN S. THOMAS, LLC**
**ATTORNEY AT LAW**
**327 Central Avenue - Suite 103**
**Linwood, New Jersey 08221**
**(609)601-6066 Telephone/(609)601-6061 Facsimile**
**Attorney for:  Debtor(s)**
**File No. N29567-BT**

**In Re:**

**EMMANUEL O. UDOH**

                    **Debtor(s)**

**UNITED STATES BANKRUPTCY
COURT
DISTRICT OF NEW JERSEY**

**Case No.  17-30084/JNP**

**CERTIFICATION IN OPPOSITION
TO MOTION FOR RELIEF
FROM THE STAY**

Emmanuel O. Udoh, hereby certifies as follows:

(1)     I am the debtor in the above-captioned matter.

(2)     I submit this certification in opposition to the motion filed by Ocean First.

(3)     I hired Brian Thomas to file a Chapter 7 Bankruptcy in January 2017. The purpose of the Chapter 7 was to eliminate unsecured debt that both I and my wife had incurred prior to meeting Mr. Thomas.

(4)     At the time of the filing of the Chapter 7 I owned two parcels of real estate. One was a condominium in Pleasantville, NJ. While I had some vague intent of obtaining a mortgage modification with reference to that property, in all likelihood, that property will go to foreclosure. I also own property known as 240 Sea Pine Drive, Egg Harbor Township, NJ. This property is currently not occupied and has been under construction for a number of years. It was and is my intent to move my family into this property and reside in it as our family home.

(5)     Creditor, Ocean First, gave me a construction loan to construct my home in Egg Harbor Township.

(6)     Prior to the filing of the Chapter 7, I was operating under the firm belief that I had "made peace" with Ocean First with regard to the Egg Harbor Township property. Although Ocean First gave me a construction loan, and the time to complete construction pursuant to the terms of that loan had expired, they were excepting regular monthly interest payments from me both before and after the Bankruptcy filing. Ultimately, Ocean First filed a motion for relief from the Bankruptcy Court on March 22, 2017, and relief was granted.

(7)     I desperately want to keep my home. My preference would be to complete a number of things that need to be done on the home in order to obtain a Certificate of Occupancy and then move into the property in February of 2018. Although I am still making interest payments to Ocean First, and recently made a payment toward real estate taxes, I would be in a much better position to increase monthly payments significantly once I am actually in the property and not paying rent elsewhere. It is my estimate that I could pay approximately $2,000.00 a month commencing with February 2018.

(8)     The next issue is what happens once I move into the property. Since I am only recently out of a Chapter 7 I do not believe I would be able to obtain refinancing for at least a year to a year and a half. It is my hope that the Court would give me that period of time to obtain permanent financing provided I make adequate protection payments to Ocean First, during that period of time. I am currently earning a fairly good salary at Harrah's Hotel Casino. My wife was scheduled to return to work with the Pleasantville Board of Education in October 2017, but due to a union contract dispute, she has not yet returned to work, although she is receiving unemployment. It is my supposition that she will be back to work by the New Year.

(9)     My attorney has already reached out to a mortgage broker and I intend to meet with that individual within the next two to three weeks. Additionally, I also have family members who have expressed a willingness to co-sign a mortgage, if required, in order to enable me to save the house.

(10)     There may be an issue whether there is equity in the house. At time of the Chapter 7 the house was in need of substantial work. Since the Chapter 7 I have taken all disposable income in a race to complete the house so that I can obtain a Certificate of Occupancy. I believe that the house has increased in value and will each and every month as I make improvements.

(11)     My attorney has also advised me that I could pay off the balance of the judgment in a five year plan. When I consider the amount of money required to pay off the loan with interest and add to that taxes and insurance, I surmise that the monthly payment would be over $3,000.00 a month. I believe that I can safely make a payment of $2,000.00 a month commencing with February 2018. If required by the Court, I may be able to increase that payment if I obtain a job at the Hard Rock Casino, which is my intention. This large payment should adequately protect Ocean First. I am willing to supply the Court and Ocean First with quarterly reports concerning my refinancing efforts

(12)     I respectfully request the Court to give me a reasonable amount of time to obtain refinancing on my home. As stated above I am willing to make whatever adequate protection payments the Court deems equitable and appropriate.

I certify that if any of the foregoing statements is willfully false I am subject to punishment.

/s/ Emmanuel O. Udoh
Emmanuel O. Udoh